E-FILED
Friday, 22 November, 2013  03:26:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JEREMY S. CARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.   13-cv-1529 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on November 8, 2013 (Doc. 1), and his Motion for Appointment of Counsel (Doc. 3).

### PETITION FOR HABEAS CORPUS RELIEF

In 2011, Petitioner was convicted of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) after a guilty plea in case number 11-10054 in this Court, and was sentenced to thirty-three months of incarceration and twenty years of supervised release. (Doc. 1 at 1). A previous § 2255 Motion based on errors during sentencing was granted, *see Cary v. United States*, No. 12-cv-1469 (C.D. Ill. 2013), and he was resentenced on April 30, 2013, to time served. A few months later, his supervised release was revoked for violation of the terms of his supervised release, and he was sentenced to eighteen months' incarceration and five years of supervised release. (Doc. 41, case no. 11-10054). He did not appeal this Revocation Judgment. This is the sentence Petitioner now challenges in the instant Motion.

In his Motion (Doc. 1) and a supplemental brief (Doc. 4), Petitioner raises numerous grounds to challenge the revocation of his supervised release and the accompanying sentence, which the Court summarizes as follows: 1) the imposition of special conditions unrelated to his offense was an abuse of discretion; 2) the above-guidelines sentence was excessive, based on legally unacceptable reasons, and an abuse of discretion; 3) his counsel at resentencing was ineffective for a) failure to object to the Court's finding of a pattern of inappropriate sexual behavior, b) failure to argue the mitigating factors that he suffered from depression, was enrolled in college full time, and had passed drug tests, and c) failure to object to the above-guidelines sentence as excessive for his minor violation; 4) the special condition restricting his contact with children prevents him from contacting his own son, in violation of his constitutional rights; 5) a due process violation based on lack of discovery; 6) the Court improperly lengthened his sentence based on the need for rehabilitation; and 7) the special condition requiring filtering software on any computer he uses, the violation of which resulted in revocation of his release, is overly broad and violates due process for lack of clarity such that he should not be incarcerated for violating it.

Pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has considered the grounds set forth in Petitioner's Motion. The fourth ground listed above is premised on a special condition that restricts Petitioner from contacting his son. However, the only release condition restricting his contact with children states "You shall have no contact with any *female* under the age of 18." (Doc. 41 at 4, no. 11-10054 (emphasis

added)). No supervised release conditions prohibit Petitioner from contacting his son, as his son is not a female. Thus, the claim is without merit and must be dismissed. As for the remaining grounds, the Court cannot find they are without merit on this initial review. Therefore, Respondent is ordered to respond to the remaining claims in the Motion.

Despite the fact that the Court cannot find Petitioner's claims are without merit, two points must be made. First, the Court assumes Petitioner is only raising claims related to his September 16, 2013, revocation of release and sentencing, as indicated on the first page of his Motion. (Doc. 1 at 1). This assumption is consistent with the limit on second and successive § 2255 motions. If Petitioner is also attempting to challenge his previous conviction and sentence, he must file a supplemental brief within twenty-one days of the date of this Order explaining which claims relate to his underlying conviction and sentence. Second, Petitioner's explanation for why he did not appeal his Revocation Judgment is only that his "lawyer never responded." If he has further explanation, he should state it in a supplemental brief within twenty-one days of the date of this Order, as failure to appeal may bar many of his claims unless there is an adequate explanation.

### MOTION FOR APPOINTMENT OF COUNSEL

Before the Court is Petitioner's Motion for Appointment of Counsel (Doc. 3). A § 2255 litigant is not entitled to a court-appointed attorney. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). However, the Court may appoint counsel to represent an indigent litigant pursuing a § 2255 motion in some circumstances. *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013) (citing 18 U.S.C.

§ 3006A(a)(2)(B)). Before the Court will appoint counsel, the litigant must first show that he made a reasonable attempt to acquire counsel without court intervention. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). If the litigant has made the proper attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id.* at 655-56, 660.

The Motion states, in its entirety, "I need an attorney." (Doc. 3). This is clearly insufficient for the Court to adequately consider his request. Petitioner has not made the threshold showing of an attempt to secure counsel without court intervention, and therefore will not be appointed an attorney. Even if Petitioner had made the requisite attempt, he would still have to explain why he is unable to litigate his claims without counsel. Thus, Petitioner's Motion for Appointment of Counsel is denied at this time.

The Court may additionally appoint counsel in a § 2255 case if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, R. 6, 8. Neither of these is applicable at this time; the Court will revisit the issue of appointment of counsel under these provisions if it later becomes necessary.

IT IS THEREFORE ORDERED:

1. Petitioner's fourth basis for relief, regarding a special condition that prevents him from contacting his son, is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2.  The Clerk SHALL serve a copy of the Motion (Doc. 1) upon Respondent pursuant to Rule 3(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3.  Petitioner MAY file a brief with this Court within twenty-one days of the date of this Order stating whether any claims are intended to relate to his underlying sentence rather than the Revocation Judgment and providing any additional explanation for why he did not appeal the Revocation Judgment.

4.  Respondent SHALL file an answer, motion, or other responsive pleading within fifty-six days after service of this Order. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

5.  Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

6.  Petitioner SHALL serve upon the United States Attorney's office a copy of every further pleading or other document submitted for consideration by the Court.

7.  Petitioner's Motion for Appointment of Counsel (Doc. 3) is DENIED.

Entered this 22nd day of November, 2013.

                                                              s/ Joe B. McDade
                                                            JOE BILLY McDADE
                                        United States Senior District Judge