**E-FILED**
Monday, 23 December, 2013  04:36:45 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JEREMY S. CARY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   13-cv-1529 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Respondent's Motion for Order Directing Attorney Robert Parker to Submit an Affidavit in Response to Petitioner's Claim of Ineffective Assistance of Counsel. (Doc. 9). Petitioner filed a brief in opposition. (Doc. 10). For the reasons stated below, the motion is granted. Multiple other motions, filed by Petitioner, are also before the Court, and addressed at the end of this Order.

### MOTION FOR AFFIDAVIT

Petitioner is currently serving an eighteen-month sentence for violation of his terms of supervised release. In his § 2255 Motion, Petitioner argues, among other claims, that his appointed counsel for the revocation proceedings, Robert Parker, was ineffective. Particularly as set forth in his Supplemental Brief (Doc. 7), he alleges that Mr. Parker did not file an appeal on his behalf even though he wrote a letter to Mr. Parker his attorney requesting an appeal be filed, and his phone calls to Mr. Parker's office were not accepted. (Doc. 7 at 1).

Respondent has filed the instant Motion in order to obtain an affidavit from Petitioner's counsel, Mr. Parker, regarding any communication between him and Petitioner regarding an appeal. (Doc. 9). Petitioner filed a brief stating his grounds in opposition to the Motion. (Doc. 10). Respondent gave Mr. Parker notice of the Motion to allow him the opportunity to respond if he chose, but the Court did not receive a response from him.

In *United States v. Pinson*, the Tenth Circuit held that a habeas or § 2255 petitioner waives his attorney-client privilege by making an ineffective assistance of counsel claim because he puts the communications at issue. 584 F.3d 972, 977-78 (10th Cir. 2009). Thus, a court could order counsel to provide an affidavit about the communications, though indicating the importance of specificity and limited scope of the waiver. *See id.* at 978-79. As noted in *Pinson*, other circuits have agreed that an ineffective assistance of counsel claim waives privilege regarding the communications put in issue. *See In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967)). Though Respondent cites no Seventh Circuit cases addressing the issue in the post-conviction relief context, and the Court finds none, at least one other district court within this circuit has reached a similar conclusion. *See McCoy v. United States*, 10-C-1121, 2012 WL 554497, *2 (E.D. Wis. Feb. 21, 2012).

Petitioner makes essentially two arguments against the Motion. First, he argues that he is entitled to confidentiality and that the affidavit would violate his

Sixth Amendment and due process rights. However, as the analysis above indicates, privilege is not absolute, and it is waived when the former client makes the communication an issue in litigation. Because Petitioner is claiming ineffectiveness of counsel based on alleged communications or lack thereof, he waives his privilege regarding those communications.

Second, Petitioner argues that the information from Mr. Parker is irrelevant because even if he did not request an appeal, it was ineffective for Mr. Parker not to file an appeal because there is an affirmative obligation to appeal even absent a request. (Doc. 10 at 3). Petitioner cites two cases in support of such a rule, but the Court finds these citations do not support Petitioner's proposition. In the Supreme Court case he cites, the Court held that counsel must consult with a defendant about appeal if there is reason to believe a rational defendant would want to appeal or if the defendant indicated his interest in appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). The Court did not hold, as Petitioner claims, that counsel must file an appeal in all or most cases regardless of request by the defendant, and the Court specifically noted that it is the defendant's choice whether to appeal. *Id.* at 479. There is certainly no bight line requirement that counsel file an appeal even without the defendant's instruction or consent. Even less helpful to Petitioner, the Seventh Circuit case he cites indicates a defendant in some circumstances may even be unable to show his counsel's ineffectiveness for failure to file an appeal in contravention of his request, if he waived the right to appeal. *Nunez v. United States*, 645 F.3d 450, 454-56 (7th Cir. 2008).

Petitioner cannot claim his counsel was ineffective for failing to respond to his request for an appeal, and then protest when the government and the Court attempt to obtain confirmation or a denial from the only other source for this information, his attorney. Petitioner has put the communications in issue by raising this ineffectiveness claim, and thus has waived the attorney-client privilege to the extent reasonably necessary to provide evidence regarding his claim. The waiver of privilege is limited, however, to the narrow fact question of whether Mr. Parker received a request for an appeal from Petitioner or communicated with him about an appeal.

Respondent's Motion listed the two questions to which it seeks answers from Mr. Parker. (Doc. 9 at 3). The Court finds they fall within the limited scope of the waiver of privilege that results from Petitioner's ineffective assistance of counsel claim, and are therefore appropriate. If Mr. Parker believes that a complete answer to any of these questions would implicate any rights regarding the confidentiality of his representation that Petitioner has not waived, Mr. Parker may seek a ruling from the Court as to the propriety of disclosing the information.

### ADDITIONAL MOTIONS

Petitioner's renewed Motion for Appointment of Counsel (Doc. 13) is also before the Court. It is denied for the same reasons stated in the denial of his first motion. (*See* Doc. 5 at 4). Petitioner has still made no effort to satisfy the requirements before the Court will consider soliciting counsel, as explained in that Order.

Petitioner also filed a Motion for Clarification/Reconsideration (Doc. 6) regarding the Court's previous Order (Doc. 5) ordering Respondent to respond to the Petition but also dismissing one of Petitioner's claims. Petitioner complains that he is not allowed to see his son, and believes it is because of a condition of his supervised release. Respondent filed a brief in opposition, arguing the conditions do not prohibit contact with his son. (Doc. 8). The Court sees no reason to reconsider its previous determination that his claim is without merit, because no conditions of his supervised release prevent him from contacting his son. The condition only prohibits contact with females under the age of eighteen except under certain conditions. Petitioner's hypothetical questions about the potential implications if he ever has a daughter or dates a woman with children also do not convince the Court its previous ruling was incorrect. Thus, Petitioner's Motion for Reconsideration is denied.

Petitioner has also filed a Supplemental Brief (Doc. 11), which the Court construes as a Motion to Amend his § 2255 Motion. In it, he raises two new arguments against his sentence for violation of his supervised release conditions. The Court allows these additional claims, and grants his Motion to Amend. His claims that 1) the evidence used against him from his cell phone was obtained in violation of his constitutional rights and his counsel was ineffective for failing to have it suppressed, and 2) that the condition of release that entirely prohibits his viewing of pornography violates the First Amendment and is over broad, are added to the claims raised in his previous Motion and Supplemental Briefs and will be considered by the Court.

Finally, Petitioner filed a "Request for emergency review due to unlawful incarceration." (Doc. 12). He claims he raises an actual innocence claim, and is unlawfully incarcerated. He cites no ascertainable basis for his request for emergency review, and the Court finds none. This Motion is denied.

CONCLUSION

IT IS THEREFORE ORDERED:

1. Respondent's Motion for Order Directing Attorney Robert Parker to Submit an Affidavit in Response to Petitioner's Claim of Ineffective Assistance of Counsel (Doc. 9) is GRANTED.

2. Within 21 days of the date of this Order, Attorney Robert Parker, panel attorney, SHALL submit to the United States Attorney's Office, Central District of Illinois, an affidavit addressing the following questions:

   a. Did Mr. Parker receive a letter or any other communication from Petitioner Jeremy Cary discussing the issue of appeal?

   b. Did Mr. Parker have any conversations with Petitioner discussing the issue of appeal?

3. Respondent SHALL include a copy of Mr. Parker's affidavit with its response to Petitioner's § 2255 Motion when such response is filed with the Court, and shall serve a copy of both the response and the affidavit upon Petitioner at that time.

4. Petitioner's renewed Motion for Appointment of Counsel (Doc. 13) is DENIED.

5. Petitioner's Motion for Reconsideration/Clarification (Doc. 6) is DENIED.

6.  Petitioner's Motion to Amend (Doc. 11) is GRANTED.

7.  Petitioner's Request for Emergency Review (Doc. 12) is DENIED.

8.  To allow Respondent sufficient time to respond to Petitioner's new claims, and to receive Mr. Parker's affidavit, Respondent's deadline to file a response to Petitioner's § 2255 Motion is sua sponte EXTENDED to January 24, 2014.


Entered this 23rd day of December, 2013.


                         s/ Joe B. McDade
                         JOE BILLY McDADE
             United States Senior District Judge